**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **LATONA JEAN WILLIAMS,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | **Criminal Action No.** |
| : | **6:03-CR-03 (HL)** |
| **UNITED STATES OF AMERICA.** : | |
| : | |
| : | |
| : | |
| : | |

**ORDER**

Before the Court is Petitioner's Motion for Post Trial Relief (Doc. 22), in which she asks the Court to modify her sentence. Petitioner argues that her sentence should be decreased because the amount of ephedrine her sentence was based upon was not included in the indictment and incorrectly calculated. For the reasons explained herein, Petitioner's Motion is denied.

**I. FACTS**

Petitioner plead guilty to a one count indictment charging her with the possession of narcotic chemicals used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2) and 21 U.S.C. § 802(34)(C) and (K). Pursuant to a plea agreement, Petitioner stipulated that she possessed 554 ephedrine pills that she knew would be used in the manufacture of methamphetamine. Petitioner was subsequently sentenced on August 7, 2003, to a 70-month term of imprisonment.

Petitioner did not file a direct appeal of her sentence, yet filed a Motion for Post Trial

Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation Report, on January 28, 2005.[1] The matter was referred to Magistrate Judge Faircloth and he submitted a Report and Recommendation. The Magistrate Judge treated the motion as a motion pursuant to 28 U.S.C. § 2255 and recommended to United States District Court Judge Land that Petitioner's motion should be denied.

Petitioner subsequently filed objections to the Magistrate Judge's Report and Recommendation arguing, in relevant part, that she did not file a Motion to Vacate under 28 U.S.C. § 2255, but a Motion for Post Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation Report. Petitioner further added that her motion should not be re-characterized and held to the same standards as would apply to motions under 28 U.S.C. § 2255. After considering Petitioner's objections, the district court agreed with the Magistrate Judge and dismissed Petitioner's motion.

Petitioner then filed the Motion for Post Trial Relief, which is presently before the Court, on December 12, 2005.[2] Petitioner argues that her sentence should be decreased because the amount of ephedrine on which her sentence was based was incorrectly determined and not

---

[1] A pro se prisoner's appeal is considered filed on the date that he or she delivered it to prison authorities. Houston v. Lack, 487 U.S. 266, 268, 108 S. Ct. 2379, 2381 (1988). Petitioner's first motion was signed and dated January 28, 2005, the Court will consider that to be the date that she delivered it to prison authorities to mail. As a result, although Petitioner's Motion was not filed by the clerk until February 7, 2005, the Court will consider January 28, 2005 to be the date Petitioner's motion was officially filed.

[2] Again, this motion was not filed by the clerk until December 16, 2005, but the Court will consider December 12, 2005, the date Petitioner signed the motion, to be the date on which Petitioner's motion was officially filed.

included in the indictment. Further, Petitioner gives the Court no indication, neither in the caption of her motion nor in the motion itself, that the present motion is brought pursuant to 28 U.S.C. § 2255.

**II. ANALYSIS**

"[A] convicted and sentenced defendant[3] who wishes to challenge his sentencing has several options: he may take direct appeal, file a Rule 35 motion to correct or reduce sentence, or file a § 2255 motion to vacate sentence." Parks v. United States, 832 F.2d 1244, 1246 n.3 (11th Cir. 1987). A convicted and sentenced defendant may also be able to file a motion pursuant to 28 U.S.C. § 2241, provided that the remedy provided by a § 2255 motion is "inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C.A. § 2255 (West Supp. 2005); see Lane v. Hanberry, 601 F.2d 805, 806 (5th Cir. 1979).[4]

Plaintiff does not identify for the Court of which option she is attempting to take advantage by filing her Motion for Post Trial Relief. The present motion does not appear to be an attempt to directly appeal her conviction, nor can it be, as the motion was not filed within ten days of the entry of judgment as required by Rule 4 of the Federal Rules of Appellate Procedure. Likewise, the present motion does not appear to be a Rule 35 motion, as the motion was not filed within seven days of Petitioner's sentencing as provided by Rule 35 of the Federal

---

[3]The Court is referring only to defendants charged with federal crimes and sentenced by a federal court.

[4]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Rules of Criminal Procedure.[5] Thus, if Petitioner is entitled to any remedy for what she views as an unjust sentence, she must file pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

Petitioner has previously filed a motion similar to the one before the Court, which she also titled, in part, a Motion for Post Trial Relief. In her objections to the Magistrate Judges' Report and Recommendation associated with that previous motion, she specifically states that she did not file and did not want her motion re-characterized as a § 2255 motion. Because the present motion's title[6] is virtually identical to the previous motion's title, the Court therefore assumes that Petitioner is not now attempting to file a section 2255 motion.

As already discussed, habeas corpus relief pursuant to 28 U.S.C. § 2241 is limited to those circumstances when the remedy afforded by a § 2255 motion is inadequate or ineffective to test the legality of the inmate's detention. Further, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), or because an individual is procedurally barred from filing a § 2255 motion, see Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.1986)." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Because nothing in Petitioner's present motion even alleges that a § 2255 motion would be inadequate

---

[5]Although a district court is authorized to reduce a sentence as long as a government motion is filed within one year of sentencing, the section does not authorize a district court to act upon a defendant's motion unless it is filed within seven days of sentencing and the error in the sentence is one resulting from a "arithmetical, technical, or other clear error." See Fed. R. Crim. P. 35(a).

[6]Although federal courts generally look behind the label of the motion filed by a pro se prisoner to determine how the motion should be treated, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), in view of Petitioner's assertions in prior filings, the Court considers her choice of title language to be relevant here.

or ineffective, the Court also assumes that Petitioner is not now attempting to file a motion pursuant to 28 U.S.C. § 2241.

### III. CONCLUSION

As the Court cannot construe the present motion so that it would fall within any of the procedural remedies available to Petitioner to challenge the validity of her sentence, the Court is unable to provide any relief. Although the direct appeal and Rule 35 remedies are now unavailable to Petitioner because any attempt would be untimely, Petitioner may still file a properly styled motion pursuant to 28 U.S.C. § 2255[7] or 28 U.S.C. § 2241, provided said motions would not also be time-barred.[8]

**SO ORDERED**, this the 23rd day of December, 2005.

                                             **/s/ Hugh Lawson**
                                             **HUGH LAWSON, Judge**

scs

---

[7] The Court notes that Petitioner's Motion for Post Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation Report filed on January 28, 2005 was considered by the Magistrate Judge as a § 2255 motion. Yet, because neither the Magistrate Judge nor the District Court Judge complied with the procedural requirements necessary to convert a motion into a § 2255 motion, Petitioner's January 28th motion "cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions." Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003).

[8] Although a § 2255 motion by Petitioner would be untimely if based on subsection one, depending on the grounds asserted it is possible Petitioner could file a timely § 2255 motion based on one of the other subsections.