# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**LATONA JEAN WILLIAMS,**            :
                                      :
   **Petitioner,**                  :
                                      :
v.                                    :   **Criminal Action No.**
                                      :   **6:03-CR-03 (HL)**
**UNITED STATES OF AMERICA.**         :
                                      :

## ORDER

Before the Court is a Report and Recommendation (Doc. 29) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's objection and has made a *de novo* determination of the portion of the recommendation to which Petitioner objects. For the reasons stated below, the recommendation is accepted, Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

Petitioner plead guilty to a one count indictment charging her with the possession of narcotic chemicals used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2) and 21 U.S.C. § 802(34)(C) and (K). Pursuant to a plea agreement, Petitioner stipulated that she possessed 554 ephedrine pills that she knew would be used in the manufacture of

methamphetamine. Petitioner was subsequently sentenced to a 70-month term of imprisonment, and judgment was entered on August 7, 2003. Petitioner did not file a direct appeal of her sentence, but did file a Motion for Post Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation Report, on January 28, 2005. The matter was referred to Magistrate Judge Faircloth and he submitted a Report and Recommendation. The Magistrate Judge treated the motion as a motion pursuant to 28 U.S.C. § 2255 and recommended to United States District Court Judge Land that Petitioner's motion should be denied.

Petitioner subsequently filed objections to the Magistrate Judge's Report and Recommendation arguing, in relevant part, that she did not file a Motion to Vacate under 28 U.S.C. § 2255, but a Motion for Post Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation Report. Petitioner further added that her motion should not be re-characterized and held to the same standards as would apply to motions under 28 U.S.C. § 2255. After considering Petitioner's objections, the district court agreed with the Magistrate Judge and dismissed Petitioner's motion.

Petitioner then filed a Motion for Post Trial Relief on December 12, 2005. In a discussion of the options still available to Petitioner for post conviction relief, the Court noted that the option of filing a § 2255 petition was still available because Petitioner's January 28, 2005 motion was not properly converted into a § 2255 petition. The Court determined that Petitioner was entitled to no relief as Petitioner's motion did not fall within any procedural remedies then available to challenge the validity of her sentence.

Petitioner then filed the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody that is the subject of the Recommendation presently before the Court. Petitioner asserts that her petition is timely pursuant to the second subsection of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") one-year limitations period. Magistrate Judge Faircloth recommends denying the Petitioner's habeas corpus petition as untimely. Petitioner subsequently filed objections to the recommendation.

The AEDPA provides a one-year limitations period for filing a timely habeas corpus petition. The one-year period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2000).

Petitioner asserts that her current petition is timely pursuant to the second subsection. According to Petitioner, the Court's treatment of her January 28, 2005 motion constitutes an "impediment to making a motion created by governmental action" sufficient to restart her one-year period. The Court does not agree. Although Petitioner's January 28, 2005 motion was treated as a § 2255 petition without complying with the procedural requirements necessary to

3

convert a motion into a § 2255 petition, as set forth in <u>Castro v. United States</u>, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003), the Court's treatment of Petitioner's motion did not an any way prevent Petitioner from filing a § 2255 petition. Therefore, the Court's treatment of Petitioner's January 28, 2005 motion did not create an unconstitutional impediment and did not restart Petitioner's one-year limitations period.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby denies Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**SO ORDERED**, this the 1st day of May , 2006.

                                        **/s/ Hugh Lawson**
                                        **HUGH LAWSON, Judge**

scs