## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

LATONA JEAN WILLIAMS,         *

        Petitioner,         *

                                  CASE NO. 6:06-CV-3 HL

VS.                         *             28 U.S.C. § 2255

                                  CASE NO. 6:03-CR-3 HL

UNITED STATES OF AMERICA,    *

        Respondent.        *

## DENIAL OF CERTIFICATE OF APPEALABLILITY

On May 19, 2006, Petitioner Williams filed a Notice of Appeal in duplicate [Documents 33, 34], one of which is being construed as an Application for Certificate of Appealability.  Petitioner seeks to appeal the judgment of this court entered of record in this action on May 2, 2006.  Said Judgment [Document 32] was administratively entered on the court's Order of May 1, 2006 [Document 31] which denied Petitioner's Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255 as being barred by the AEDPA statute of limitations. 28 U.S.C. § 2255 ¶ 6.

Under the AEDPA, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B).  The COA must indicate specific issues for which the appellant "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2),(3).  "The entire point of § 2253's COA requirement is to eliminate those appeals that have little or no merit, thereby preserving judicial resources. *See Miller-El v. Cockrell,* 537 U.S. 322, 337, 123 S.Ct. 1029, 1040 (2003) ("By enacting [the

AEDPA COA requirement] . . .   Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not.").”  *Thomas v. Crosby,* 371 F.3d 782, 785 (11th Cir. 2004).

Petitioner Williams' § 2255 Motion was denied as barred by the AEDPA statute of limitations, which had expired before she ever filed any post-conviction pleadings, under the authority of *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000).

"The district court should not issue a COA on the statute of limitations issue [when] binding circuit precedent clearly disposes of the issue. . . .   On that basis, jurist of reason would not find the timeliness issue debatable in this circuit.  Thus, a COA should not issue."  *See Lawrence v. Florida,* 421 F.3d 1221, 1225 (11th Cir. 2005).

Petitioner Williams  has  made no substantial showing of the denial of any constitutional right under section 2253(c), or that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Petitioner Williams' Application  For Certificate of Appealability is, therefore, DENIED.

**SO ORDERED,** this 1st day of June 2006.

s/   **Hugh Lawson**
**HUGH LAWSON**
**UNITED STATES DISTRICT JUDGE**

2